# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 22-566** (Kanawha County 20-F-134)

**Danny R. Schoolcraft,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Danny Schoolcraft appeals the order of the Circuit Court of Kanawha County, entered on April 18, 2022, adjudging him guilty of one count of threatening to commit a terrorist act in violation of West Virginia Code § 61-6-24(b).[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision is appropriate. See W. Va. R. App. P. 21.

According to evidence presented at his criminal jury trial, Mr. Schoolcraft contacted the administrative services division (located in Charleston) of this Court twice in December 2019 to express his anger about the outcome of a magistrate court proceeding in which he was involved. The employee who took Mr. Schoolcraft's calls testified that at the conclusion of Mr. Schoolcraft's lengthy call, he "finally said that well what if I—I'll—I'll just go get my guns, my—some ammo, machine guns and come and shoot you-all up and then maybe someone will listen to me and help me." The employee immediately reported this conversation to Court security personnel, who in turn reported it to law enforcement officers in the county of Mr. Schoolcraft's last reported address. Officers arrested Mr. Schoolcraft soon after.

Mr. Schoolcraft testified in his defense. He explained that he called the administrative services division's telephone number because he was seeking legal advice, but he did not know the employee with whom he spoke, nor did he know where her office was located. Mr. Schoolcraft explained that he became frustrated when the employee told him she could not offer legal advice, but he denied making threats. He acknowledged, however, that he was "shooting off [his mouth] and saying this is probably why people get guns—load guns and shoot people." He attempted to clarify: "So it was just kind of—you know. So I said it's probably why people, you know, get ammo, you know, because I figured, it's what you have to do. Get ammo to load guns and shoot people, you know, because they get mad, you know, upset." Mr. Schoolcraft further explained that he owned no guns and did not intend to harm anyone.

---

[1] Mr. Schoolcraft appears by counsel L. Thompson Price. The State of West Virginia appears by Attorney General Patrick Morrisey and Assistant Attorney General Gail V. Lipscomb.

1

The jury found Mr. Schoolcraft guilty of threatening to commit a terrorist act, the only count charged in the indictment, and the circuit court ultimately ordered that he serve a term of imprisonment for one to three years. Prior to sentencing, Mr. Schoolcraft filed a motion seeking acquittal under Rule 29 of the West Virginia Rules of Criminal Procedure, on the ground that the evidence was insufficient to support a conviction under the relevant statute. The circuit court denied the motion.

In his single assignment of error, Mr. Schoolcraft challenges the circuit court's denial of his motion for judgment of acquittal and we, therefore, apply a de novo standard of review. *State v. Juntilla*, 227 W. Va. 492, 497, 711 S.E.2d 562, 567 (2011), *citing State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996). We consider "'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.' Syl. Pt. 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995)." *Juntilla*, 227 W. Va. at 494, 711 S.E.2d at 564, Syl. Pt. 1, in part.

On appeal, Mr. Schoolcraft argues that the threat for which he was convicted was nothing more than a "frustrated comment" and that there is no evidence that he intended to commit a "terrorist act" under the statutory definition. He argues that "[b]y [his] express words . . . , he did not knowingly and willfully make a threat to commit a terrorist act to intimidate or coerce a branch of government." We disagree.

The statute under which Mr. Schoolcraft was convicted provides in part that

> [a]ny person who knowingly and willfully threatens to commit a terrorist act, with or without the intent to commit the act, is guilty of a felony and, upon conviction thereof, shall be fined not less than $5,000 nor more than $25,000 or confined in a state correctional facility for not less than one year nor more than three years, or both.

W. Va. Code § 61-6-24(b). A "terrorist act" is

> (A) Likely to result in serious bodily injury or damage to property or the environment; and
> (B) Intended to:
>     (i) Intimidate or coerce the civilian population;
>     (ii) Influence the policy of a branch or level of government by intimidation or coercion;
>     (iii) Affect the conduct of a branch or level of government by intimidation or coercion; or
>     (iv) Retaliate against a branch or level of government for a policy or conduct of the government.

W. Va. Code § 61-6-24(a)(3).

Pursuant to West Virginia Code § 61-6-24(b), intent to *commit* the threatened act is not required for a conviction of *threatening* to commit it. As we explained in Syllabus Point 3, in part,

2

of *State v. Back*, 241 W. Va. 209, 820 S.E.2d 916 (2018), the statute establishes that it is "unlawful to knowingly and willfully *threaten to commit* a terrorist act, with or without the intent to commit the act. Thus, in order to violate W. Va. Code § 61-6-24(b), the threat itself need not meet the definition of a 'terrorist act' as set out in W. Va. Code § 61-6-24(a)(3), but *the specific act* that is threatened must meet that definition." (Emphasis in original.) While Mr. Schoolcraft may disclaim a terroristic plan, the trial evidence was sufficient to support the conclusion that he communicated a threat of an act designed, at a minimum, to achieve his desired outcome. Mr. Schoolcraft told the employee that if he carried out the threatened act, "maybe someone will listen to me and help me." These words clearly communicate Mr. Schoolcraft's understanding that the threatened violence might intimidate the Court employee, influence the Court's policy, or affect the Court employee's conduct. Inasmuch as the trial evidence is sufficient to support a rational trier of fact's conclusion that Mr. Schoolcraft threatened to commit a terrorist act, we find no error in the circuit court's denial of his motion for judgment of acquittal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 18, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn